## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **D.A. NOLT, INC.** | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | **CIVIL ACTION** |
| | : | |
| **THE CITY OF PHILADELPHIA AND** | : | |
| **PHILADELPHIA MUNICIPAL AUTHORITY** | : | **NO. 18-4997** |
| | : | |
| | : | |
| Defendants. | : | |
| | : | |

### FIRST SUPPLEMENTAL STIPULATED FACTS FOR TRIAL

The parties, D.A. Nolt, Inc. ("Nolt") and the City of Philadelphia and Philadelphia Municipal Authority (collectively, "City") stipulate as follows:

1.    On December 23, 2016, Craig Hunt of DJK notified Rich O'Brien of D.A. Nolt that the City would hold 10% of the roof value and steel value, due to the City's concerns regarding roofing and steel issues. **D-463** is a true and accurate copy of this email.

2.    Nolt submitted Pay Application No. 16, dated February 3, 2017, in the amount of $409,940.67.

3.    P-115 is a true and accurate copy of Payment Application No. 16.

4.    On February 15, 2017, the City notified D.A. Nolt by letter that it was withholding payment for Payment Application No. 16. **P-107** is a true and accurate copy of this letter.

5.    The City has not issued payment to Nolt for application No. 16.

6.    Nolt submitted Pay Application No. 17, dated April 10, 2017, in the amount of $32,030.05.

7.      **P-123** is a true and accurate copy of Payment Application No. 17.

8.      The City has not issued payment to Nolt for application No. 17.

9.      Nolt submitted Pay Application No. 18, dated April 27, 2018, in the amount of $42,957.50.

10.     **P-217** is a true and accurate copy of Payment Application No. 18

11.     The City has not issued payment to Nolt for application No. 18.

12.     Nolt submitted Pay Application No. 19, dated April 27, 2018, in the amount of $602,848.31 for retainage.

13.     **P-216** is a true and accurate copy of Payment Application No. 19

14.     The City has not issued payment to Nolt for application No. 19.

15.     In total, Nolt has not been paid $1,087,776.53 in contract balance on the Project.

16.     On April 30, 2018, Nolt submitted a claim ("Nolt's Claim") seeking payment of its contract balance and compensation for additional costs incurred for which D.A. Nolt contends were caused by Defendants and are compensable under the parties' agreement. **D-668** is an accurate copy of Nolt's Claim.

17.     On May 30, 2018, Pedro Pinto of the City, in the City's response to the claim of Plaintiff, stated in a letter to Rich O'Brien of D.A. Nolt that the City believed that D.A. Nolt was responsible for delaying the Project, which caused the City to expend additional costs for services performed by other contractors. **D-671** is a true and accurate copy of this letter.

18.     Nolt contends that the City is liable to it for costs in Table A and relies upon the corresponding exhibit number in Table A to support the costs.  The referenced exhibits in Table A contain true and accurate copies of business records and other documents. P-268–P-277 are

section of Nolt's Claim submission, with the exception of the security costs, which D.A. Nolt is

not claiming, shown at P-277 pages 44-50.

| Table A: D.A. Nolt, Inc. Damages on PSSC Project-GCON | | | |
|---|---|---|---|
| **Category** | | | **Exhibit No.** |
| **Contract Balance** | | | |
| | Application for Payment No. 16 | $409,940.67 | P-105 |
| | Application for Payment No. 17 | $32,030.05 | P-123 |
| | Application for Payment #18 | $42,957.50 | P-217 |
| | Application for Payment #19 for Retainage | $602,848.31 | P-216 |
| | **Total** | **$1,087,776.53** | |
| | | | |
| **Extra Work Claim (Unilateral Cos, RFIs and CCD)** | CCD 01- Additional Costs for Superintendent and Safety Representative | $2,152.15 | P-268 |
| | Cricket Removal | $3,045.00 | P-269 |
| | Installation of Additional Drains in Areas 3 & 9 | $50,077.82 | P-270 |
| | Unilateral Change Order GCON-E-019 | $5,476.00 | P-271 |
| | Unilateral Change Order GCON-E-020 | $2,776.28 | P-272 |
| | Unilateral Change Order GCON-E-022 | $8,629.59 | P-273 |
| | Unilateral Change Order GCON-E-023 | $2,203.03 | P-274 |
| | **Total** | **$74,359.87** | |

| | | | |
|---|---|---|---|
| **Additional Roofing Work** | Testing and Coring Charges | $21,142.05 | P-275 |
| | Additional Roofing Work | $785,981.48 | P-276 |
| | **Total** | **$807,123.53** | |
| | | | |
| **Extended General Conditions** | Subcontractors | $111,952.80 | P-277 |
| | Labor | $368,556.26 | |
| | Material | $7,913.90 | |
| | **Total** | **$488,422.96** | |
| | | | |
| **Acceleration** | Nolt's Labor | $53,865.68 | P-278 |
| | Subcontractor Labor | $9,134.54 | |
| | **Total** | **$63,000.22** | |
| | | | |
| **GRAND TOTAL** | | **$2,520,683.11** | |

19.     The City disputes D.A. Nolt's entitlement to recover the amounts claimed with the exception of Unilateral Change Order GCON-E-023 and $6,971.32 of the Testing and Coring Charges.

20.     The City's counter-claim against D.A. Nolt is comprised of payments that the City made to other contractors for services rendered after December 16, 2016. The City contends D.A. Nolt is contractually responsible for these payments.

21.     The City contends that Nolt is liable to it for costs in Table B and relies upon the corresponding exhibit numbers in Table B to support the costs.  The referenced exhibits in **Table B** contain true and accurate copy of business records and other documents.

| Table B: City Counterclaim for Payments Made to Contractors for Work Performed After December 16, 2016 | | | |
|---|---|---|---|
| **Category** | **Invoice/Requisition** | **Amount For Which City Contends Nolt is Responsible** | **Exhibit Reference** |
| Ballinger Company | Requisition for Payment No. 230 | $67,523.75 | D-686 at CITY0144791-CITY0144804 |
| Daniel J. Keating Company | Requisition for Payment No. 171 (Dec. 2016) | $23,495.38 (of $88,289.00 total) | D-684 at CITY0144841-CITY0144856 |
| | Requisition for Payment No. 182 (January 2017) | $78,564.00 (of $91,391.55 total) | D-684 at CITY0144857-CITY0144878 |
| | Requisition for Payment No. 183 (February 2017) | $65,937.00 | D-684 at CITY0144879-CITY0144896 |
| | Requisition for Payment No. 187 (March 2017) | $72,557.86 (of $75,182.00 total) | D-684 at CITY0144897-CITY0144922 |
| | Requisition for Payment No. 192 (April 2017) | $50,619 (of $69,685.81 total) | D-684 at CITY0144923-CITY0144952 |
| | Requisition for Payment No. 193 (May 2017) | $50,952 (of $61,894.68 total) | D-682 at CITY0144622-CITY0144637 |
| | Requisition for Payment No. 199 (June 2017) | $55,442.12 (of $90,291.18 total) | D-682 at CITY0144638-CITY0144664 |
| | Requisition for Payment No. 203 (July 2017) | $26,453.07 (of $62,314.88 total) | D-682 at CITY0144665-CITY0144683 |
| | Requisition for Payment No. 207 (August 2017) | $35,867 (of $47,122.33 total) | D-682 at CITY0144684-CITY0144701 |
| | Requisition for Payment No. 209 (September 2017) | $35,893.19 (of $59,130.51 total) | D-682 at CITY0144702-CITY0144718 |
| | Requisition for Payment No. 210 (October 2017) | $26,593.25 (of $38,007.80 total) | D-683 at CITY0144719-CITY0144733 |

|  | | | |
|---|---|---|---|
|  | Requisition for Payment No. 212 (November 2017) | $25,420 (of $41,833.43 total) | D-683 at CITY0144734-CITY0144746 |
|  | Requisition for Payment No. 215 (December 2017) | $24,514 (of $35,781.51 total) | D-683 at CITY0144747-CITY0144760 |
|  | Requisition for Payment No. 218 (January 2018) | $3,003 (of $14,883.62 total) | D-683 at CITY0144761-CITY0144771 |
|  | Requisition for Payment No. 221 (February 2018) | $9,320 (of $23,191.68 total) | D-683 at CITY0144772-CITY0144785 |
|  | **DJK Subtotal** | **$584,630.87** | |
| PECO | Requisition No. 194 | $866.29 | D-685 (CITY0144786-CITY0144790) |
| Direct Energy Business | Requisition for Payment No. 177 (December 2016) | $3,287.00 (of $6,575.61 total) | D-705 at CITY0144826-28 |
|  | Requisition for Payment No. 184 (January-February 2017). . | $13,427.63 | D-705 at CITY0144829-32 |
|  | Requisition for Payment No. 190 (March 2017) | $6,360.53 | D-705 at CITY0144833-35 |
|  | Requisition for Payment No. 220, (April-June 2017) | $18,755.05 | D-705 at CITY0144836-40 |
|  | **Direct Energy Business Subtotal** | **$41,830.21** | |
| Talson Solutions | Payment No. 178 (January 2017) | $4,700 | D-680 at CITY0144486-CITY0144489 |
|  | Payment No. 197 (February 2017) | $1,980 | D-680 at CITY0144494-CITY0144497 |
|  | Payment No. 188 (March 2017) | $4,700 | D-680 at CITY0144490-CITY0144493 |
|  | Payment No. 202 (April 2017) | $2,700 | D-680 at CITY0144498-CITY00144501 |
|  | **Talson Subtotal** | **$14,080** | |

| Philadelphia Area Labor-Management Committee (PALM) | Requisition for Payment No. 181 (Oct.-Dec. 2016) | $525 (of $9,525.00 total) | D-687 at CITY0144806-CITY0144806 |
|---|---|---|---|
| | Requisition for Payment No. 185 (February 2017) | $1,500.00 | D-687 at CITY0144813-CITY0144815 |
| | Requisition for Payment No. 189 (March 2017) | $375.00 | D-687 at CITY0144816-CITY0144818 |
| | **PALM Subtotal** | $2,400.00 | |
| Graham Company | | $469,089 | D-688 through D-698 D-747 |
| | **TOTAL CLAIM AMOUINT** | $1,180,420.12 | |

22.     D.A. Nolt disputes Defendants' entitlement to recover the amounts sought in its counter-claim.

23.     **D-686** at CITY0144791-CITY0144804 is a true and accurate copy of Requisition for Payment No. 230, which shows that the City paid Ballinger Company, the Architect on the Project, **$67,523.75** for services rendered after December 16, 2016.

24.     **D-684** at CITY0144841-CITY0144856 is a true and accurate copy of Requisition for Payment No. 171, which shows that the City paid DJK $88,289.00 for construction management services from December 1, 2016 to December 31, 2016. The City is only contending that D.A. Nolt is responsible for the costs of services rendered after the original contract completion date in the amount of **$23,495.38**, which is composed of $17,054.25 for DJK's project management and expenses and $6,441.13 for inspection services.

25.     **D-684** at CITY0144857-CITY0144878 is a true and accurate copy of Requisition for Payment No. 182, which shows that the City paid DJK $91,391.55 for construction management services from January 1, 2017 to January 31, 2017. The City contends that D.A. Nolt is responsible for **$78,564.00** of this amount, which is composed of $64,732.25 for DJK's

project management and expenses and $13,831.75 for inspection services. The City does not contend that D.A. Nolt is responsible for $12,827.55 for installation of fencing.

26.     **D-684** at CITY0144879-CITY0144896 is a true and accurate copy of Requisition for Payment No. 183, which shows that the City paid DJK **$65,937.00** for construction management services from February 1, 2017 to February 28, 2017. The City contends D.A. Nolt is responsible for all of this amount, which is composed of $52,411.50 for DJK's project management and expenses, $10,308.00 for inspection services, and $3,217.50 for construction scheduling review services.

27.     **D-684** at CITY0144897-CITY0144922 is a true and accurate copy of Requisition for Payment No. 187, which shows that the City paid DJK $75,182.00 for construction management services from March 1, 2017 to March 31, 2017. The City contends that D.A. Nolt is responsible for **$72,557.86** of this amount, which is composed of $61,866.86 for DJK's project management and expenses and $10,691.00 for inspection services. The City does not contend that D.A. Nolt is responsible for $634.14 for a submersible pump and hoses related to water infiltration problems at the Powerhouse, $625.00 for an asbestos inspector and coordination for the remediation of work in the fifth floor stairwell, and $1,365.00 for payment to the project's consultant for Public Outreach Services.

28.     **D-684** at CITY0144923-CITY0144952 is a true and accurate copy of Requisition for Payment No. 192, which shows that the City paid DJK $69,685.81 for construction management services from April 1, 2017 to April 30, 2017. The City contends that D.A. Nolt is responsible for **$50,619** of this amount. The City does not contend that D.A. Nolt is responsible for $1,560.00 for construction scheduling review work that occurred before December 16, 2016. The amount that the City contends D.A. Nolt is responsible for is composed of $34,458.00 for

DJK's project management and expenses, $5,346.00 for inspection services, and $10,815 for inspection, roofing consultation, and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $10,942.68 for security services.

29.     **D-682** at CITY0144622-CITY0144637 is a true and accurate copy of Requisition for Payment No. 193, which shows that the City paid DJK $61,894.68 for construction management services from May 1, 2017 to May 31, 2017. The City contends that D.A. Nolt is responsible for **$50,952** of this payment. The amount that the City contends D.A. Nolt is responsible for is composed of $29,642.00 for DJK's project management and expenses and $21,310 for inspection and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $10,942.68 for security services.

30.     **D-682** at CITY0144638-CITY0144664 is a true and correct copy of Requisition for Payment No. 199, which shows that the City paid DJK $90,291.18 for construction management services from June 1, 2017 to June 30, 2017.  The City contends that D.A. Nolt is responsible for only **$55,442.12** of this amount.  The City does not contend that D.A. Nolt is responsible for $20,621.13 for disconnection and removal of DJK's trailer, $200.00 for landscape work, $1,501.50 for disconnection of electrical power to DJK's trailer; and $1,427.43 for payment to the project's consultant for Public Outreach Services. The amount that the City contends D.A. Nolt is responsible for is composed of $28,672.37 for DJK's project management and expenses and $26,587.75 for inspection and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $11,099 for security services.

31.     **D-682** at CITY0144665-CITY0144683 is a true and correct copy of Requisition for Payment No. 203, which shows that the City paid DJK $62,314.88 for construction management services from July 1, 2017 to July 31, 2017. The City contends that D.A. Nolt is responsible for only **$26,453.07** of this amount. This is composed of $13,842.26 for DJK's project management and expenses and $14,904.75 for inspection and project management services paid to DJK's subconsultant BFW Group, and an adjustment in the amount of $2,293.94. The City does not contend D.A. Nolt is responsible for $11,099 for security services.

32.     **D-682** at CITY0144684-CITY0144701 is a true and correct copy of Requisition for Payment No. 207, which shows that the City paid DJK $47,122.33 for construction management services from August 1, 2017 to August 31, 2017.  The City contends that D.A. Nolt is responsible for only **$35,867** of this amount, composed of $15,129.50 for DJK's project management and expenses and $20,737.50 for inspection and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $11,255.33 for security services.

33.     **D-682** at CITY0144702-CITY0144718 is a true and correct copy of Requisition for Payment No. 209, which shows that the City paid DJK $59,130.51 for construction management services from September 1, 2017 to September 30, 2017.  The City contends that D.A. Nolt is responsible for only **$35,893.19** of this amount, because Requestion for Payment No. 209 included $11,294.65 for payment to a pest control company and $1,000 for BFW's coordination. The amount the City contends D.A. Nolt is responsible for is composed of $17,343.00 for DJK's project management and expenses and $18,550.19 for roof consulting and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $10,942.68 for security services.

34.     **D-683** at CITY0144719-CITY0144733 is a true and accurate copy of Requisition for Payment No. 210, which shows that the City paid DJK $38,007.80 for construction management services from October 1, 2017 to October 31, 2017.  The City contends D.A. Nolt is responsible for **$26,593.25** of this amount, composed of $7,226.00 for DJK's project management and expenses and $19,367.25 for inspection and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $11,414.55 for security services.

35.     **D-683** at CITY0144734-CITY0144746 is a true and accurate copy of Requisition for Payment No. 212, which shows that the City paid DJK $41,833.43 for construction management services from November 1, 2017 to November 30, 2017.  The City contends that D.A. Nolt is responsible for **$25,420** of this amount, because Requisition for Payment No. 212 included $5,783.40 for payment to a pest control company. The amount the City contends D.A. Nolt is responsible for is composed of $8,620.00 for DJK's project management and expenses and $16,800 for roof consulting and project management services paid to DJK's subconsultant BFW Group. The City does not contend D.A. Nolt is responsible for $10,630.03 for security services.

36.     **D-683** at CITY0144747-CITY0144760 is a true and accurate copy of Requisition for Payment No. 215, which shows that the City paid DJK $35,781.51 for construction management services from December 1, 2017 to December 31, 2017.  The City contends that D.A. Nolt is responsible for **$24,514** of this amount, because Requestion for Payment No. 215 included $793.80 for payment to a pest control company. The amount the City contends D.A. Nolt is responsible for is composed of $7,714.00 for DJK's project management and expenses and $16,800 for roof consulting and project management services paid to DJK's subconsultant

BFW Group. The City does not contend D.A. Nolt is responsible for $ 10,473.71 for security services.

37.    **D-683** at CITY0144761-CITY0144771 is a true and accurate copy of Requisition for Payment No. 218, which shows the City paid DJK $14,883.62 for construction management services from January 1, 2018 to January 31, 2018. The City contends that D.A. Nolt is responsible only for **$3,003** of this amount, for DJK's project management and expenses. The City does not contend that D.A. Nolt is responsible for $11,880.62 for security services.

38.    **D-683** at CITY0144772-CITY0144785 is a true and accurate copy of Requisition for Payment No. 221, which shows the City paid DJK $23,191.68 for construction management services from February 1, 2018 to February 28, 2018.  The City contends that D.A. Nolt is responsible for **$9,320.00** of this amount, for DJK's project management and expenses. The City does not contend that D.A. Nolt is responsible for $13,871.68 for security services.

39.    In total, the City contends that D.A. Nolt is responsible for $584,630.87 of the City's payments to DJK for services performed after December 16, 2016.

40.    **D-685** (CITY0144786- CITY0144790) is a true and accurate copy of Requisition No. 194, which shows that the City paid PECO an additional **$866.29** for electrical power services from March 17, 2017 to April 15, 2017. The City contends that D.A. Nolt is responsible for this amount.

41.    **D-705** at CITY0144826-28 is a true and accurate copy of Requisition for Payment No. 177, which shows that the City paid Direct Energy Business $6,575.61 for electric energy supply from December 5, 2016 to January 5, 2017. Because roughly half of this period was during the original contract period, the City contends that D.A. Nolt is responsible for only half (**$3,287.00**) of this amount.

42. **D-705** at CITY0144829-32 is a true and accurate copy of Requisition for Payment No. 184, which shows that the City paid Direct Energy Business $13,427.63 for electric energy supply from January 5, 2017 to March 5, 2017. **D-705** at CITY0144833-35 is a true and accurate copy of Requisition for Payment No. 190, which shows that the City paid Direct Energy Business $6,360.53 for electric energy supply from March 5, 2017 to April 5, 2017. **D-705** at CITY0144836-40 is a true and accurate copy of Requisition for Payment No. 220, which shows that the City paid Direct Energy Business $18,755.05 for electric energy supply from April 5, 2016 to July 5, 2017.

43. In total, the City contends that D.A. Nolt is responsible for **$41,830.21** paid to Direct Energy Business. (CITY0144825-CITY0144840.)

44. The City engaged Talson Solutions, LLC as a consultant for the project to track contractors' labor practices and diversity. **D-680** at CITY0144486-CITY0144489 is a true and accurate copy of Payment No. 178, which shows that the City paid Talson $4,700 for diversity data monitoring services performed from January 1, 2017 to January 31, 2017. D-680 at CITY0144494- CITY0144497 is a true and accurate copy of Payment No. 197, which shows that the City paid Talson $1,980 for diversity data monitoring services performed from February 1, 2017 to February 28, 2017. D-680 at CITY0144490- CITY0144493 is a true and accurate copy of Payment No. 188, which shows that the City paid Talson $4,700 for diversity data monitoring services performed from March 1, 2017 to March 31, 2017. D-680 at CITY0144498- CITY00144501 is a true and accurate copy of Payment No. 202, which shows that the City paid Talson $2,700 for diversity data monitoring services performed from April 1, 2017 to April 30, 2017. The City contends that D.A. Nolt is responsible, in total, for **$14,080.00** that the City paid to Talson for services performed after December 16, 2016. (CITY0144485-CITY0144501.)

45.     The City engaged the Philadelphia Area Labor-Management Committee (PALM) to provide consulting services to the City about labor relations on the project. **D-687** at CITY0144806-CITY0144806 is a true and accurate copy of Requisition for Payment No. 181, which shows that the City paid PALM $9,525.00 for labor management services performed from October 4, 2016 to December 22, 2016. The City contends that D.A. Nolt is responsible for only $525.00 of this amount, for services performed after December 16, 2016. D-687 at CITY0144813-CITY0144815 is a true and accurate copy of Requisition for Payment No. 185, which shows that the City paid PALM $1,500.00 for labor management services performed from February 15, 2017 to February 23, 2017. D-687 at CITY0144816-CITY0144818 is a true and accurate copy of Requisition for Payment No. 189, which shows that the City paid PALM $375.00 for labor management services performed from March 1, 2017 to March 21, 2017. The City contends that D.A. Nolt is responsible, in total, for **$2,400.00** paid by the City for services performed after December 16, 2016. (CITY0144805-CITY0144818.)

46.     The City insured the Project with an owner's controlled insurance program (OCIP) procured through the Graham Company. This program also included safety monitoring services. The City maintained the OCIP from December 16, 2016 to February 14, 2018. As a result, the City paid Graham an additional $100,122 in insurance costs, $194,770 for safety services, $10,282 for Graham's on-site trailer rental, and $163,915 for OCIP administration. In total, the City paid the Graham Company an additional **$469,089** for OCIP and safety services, for services performed after December 16, 2016. The City contends D.A. Nolt is responsible for this amount. Requisitions for Payment and other documents showing payments that the City made to Graham for OCIP and safety services are located at D-688 through D-698. Calculations

showing the amount of payments to Graham for services rendered after December 16, 2016 are available at D-747.

47.     Because the City believes D.A. Nolt is contractually obligated to reimburse the City for certain payments it made to other contractors for services rendered after December 16, 2016 totaling $1,180,420.12, the City has withheld $1,087,776.53 from D.A. Nolt's contract amount for work on the Project.

48.     D.A. Nolt disputes that all charges contained in the City's counterclaim are a proper measure of damage, or are chargeable to D.A. Nolt as a damage for delayed completion of the Project.

49.     The City hereby moves for the admission of the exhibits listed in Table B above into evidence, and Plaintiff does not object.


/s/ Jennifer Budd                                          /s/ Lydia Furst
Counsel for Plaintiff, D.A. Nolt, Inc.          Counsel for Defendants
                                                                  City of Philadelphia, Philadelphia
                                                                  Municipal Authority